UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY D. BLANTON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-01963-JRS-MKK |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Granting in Part and Denying in Part Motion to Dismiss
and Directing Further Proceedings**

In his amended petition for a writ of habeas corpus, petitioner Larry Blanton, Jr., challenges his state court conviction. Dkt. 19. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [28], is **GRANTED IN PART and DENIED IN PART.**

### I.   Background

**A. State Court Proceedings**

On May 4, 2006, Mr. Blanton was sentenced in Indiana cause number 53C05-0404-FA-0360 on four counts of child molesting to an aggregate of 105 years. Dkt. 28-1 at 5-6. On May 12, 2006, the trial court issued an order to clarify important information about defendant's probation and conditions that were omitted—specifically that upon his release, Mr. Blanton shall be on probation for life and that he must register as a convicted sex offender. *Id.* at 6. Mr. Blanton appealed his conviction challenging the sufficiency of the evidence and the duration of his sentence. *See Blanton v. State*, No. 53A01-0606-CR-226, 2007 WL 1149994 (Ind. Ct. App. Apr. 19, 2007). The Indiana Court of Appeals affirmed the conviction but reversed and remanded because the sentence was inappropriate. *Id.* at *4. On October 12, 2007, Mr. Blanton was

resentenced to an aggregate of 30 years, and "[a]ll other conditions of the Sentencing Order issued on May 4, 2007, remain[ed] in full force and effect." Dkt. 28-11 (sentencing order).

Mr. Blanton filed his original petition for post-conviction relief (PCR) on April 15, 2009, 53C05-0904-PC-00980, but his petition was denied on August 11, 2014. The Indiana Court of Appeals affirmed the denial on July 27, 2015.[1] *Blanton v. State*, No. 53A04-1410-PC-509, 2015 WL 4515697 (Ind. Ct. App. 2015). The Indiana Supreme Court denied transfer on December 17, 2015. *Blanton v. State*, 42 N.E.3d 520 (Ind. Sup. Ct. Dec. 17, 2015).

Mr. Blanton was released on parole on May 27, 2018. Dkt. 28-7 at 4; dkt. 28-8 at 3. He was arrested on August 20, 2019, for violating his parole. Dkt. 28-7 at 4. On September 17, 2019, Mr. Blanton's parole was revoked for violating several parole rules. Dkt. 28-8 at 30-32. As a result of parole revocation, Mr. Blanton was assessed the balance of his criminal sentence to be served in the Indiana Department of Correction (IDOC). *Id.* at 32.

On March 2, 2020, Mr. Blanton filed a petition for a writ of habeas corpus in state court (state habeas petition), but the petition was construed as a PCR petition, and it was ultimately denied.[2] Dkt. 28-9 at 1; dkt. 28-7 at 5. The Indiana Court of Appeals affirmed the trial court's

---

[1] In his original PCR petition, Mr. Blanton argued that "the trial court erred by denying his motion for discharge, that he received ineffective assistance of trial counsel, and that he received ineffective assistance of appellate counsel." *Blanton*, 2015 WL 4515697 at *3.

[2] In the March 2, 2020, state habeas petition, Mr. Blanton asserted that "his detention was illegal because the parole conditions he had been found to have violated, among other conditions of parole, were improper and unconstitutional, because his parole revocation hearing violated his right to due process, because the search that uncovered his parole violations was unconstitutional, because his good time and education credit had been taken from him, and because he was denied due process when he was determined to be a sexually violent predator." Dkt. 28-7 at 4-5 (*Blanton*, No. 20A-MI-1658 at 3-4); dkt. 28-8.

Mr. Blanton also argued that his earned credit time was "stripped from him unlawfully when he was released to parole on May 27, 2018," and the Indiana Court of Appeals determined he did not suffer such deprivation. Dkt. 28-7 at 11-12 (*Blanton*, No. 20A-MI-1658 at 10-11) ("Blanton had the benefit of his credit time when he was released on parole in the first place, and his credit time did not reduce his actual sentence. As a result, Blanton was not deprived of his earned credit time.").

2

decision on March 12, 2021. Dkt. 28-7 at 12 (*Blanton v. Sevier et al.*, No. 20A-MI-1658, at 1-12 (Ind. Ct. App. Mar. 12, 2021)) ("The trial court properly treated Blanton's petition for a writ of habeas corpus as a petition for post-conviction relief. Because he had previously filed a petition for post-conviction relief, he was required to seek leave of this court to pursue a successive petition for post-conviction relief, which he did not do."). The Indiana Supreme Court denied transfer on June 10, 2021. Dkt. 28-10.

Mr. Blanton again filed a habeas petition in state court on June 28, 2021, which was again treated as a PCR petition and denied on August 11, 2021.[3] Dkt. 28-2; dkt. 28-3. On June 29, 2021, while his state habeas petition was pending in state court, Mr. Blanton requested permission to file a successive PCR petition, but this request was denied on August 6, 2021.[4] *See Blanton v. State*, No. 21A-SP-1428 (Ind. Ct. App. Aug. 6, 2021); dkt. 28-6. Mr. Blanton again requested permission to file a successive PCR petition on August 9, 2022, 22A-SP-1933.[5] Dkt. 28-11. The Indiana Court of Appeals denied this request on September 16, 2022. Dkt. 28-12. A petitioner may not seek leave to transfer to the Indiana Supreme Court following denial of leave to file a successive PCR petition. *See* Ind. App. R. 57(B).

---

[3] In *Blanton v. Carter et al.*, on November 16, 2021, the Indiana Court of Appeals found that Mr. Blanton's June 28, 2021, state habeas petition "was an unauthorized successive petition for post-conviction relief," and dismissed his appeal with prejudice. Dkt. 28-4 at 1-3. Mr. Blanton's June 28, 2021, state habeas petition challenged his parole revocation. *Id.* Specifically, he argued he was being unlawfully restrained, he had been sentenced to probation, which had been completed, he was not subject to parole or parole conditions, and he was denied counsel at the re-sentencing hearing. Dkt. 28-2 at 1-2.

[4] In his request for permission to file a successive PCR petition on June 29, 2021, No. 21A-SP-1428, Mr. Blanton argued that he did not have assistance of counsel at his resentencing hearing and that he should have been released on probation and not to parole. Dkt. 28-5 at 2-3.

[5] In his August 9, 2022, request for permission to file a successive PCR petition, No. 22A-SP-1933, Mr. Blanton argued that he was denied counsel at his re-sentencing, his parole stipulations were unconstitutional, the search and arrest causing his return to prison was due to parole conditions that he should not have been on because he was sentenced to probation, and the parole conditions violated his rights. Dkt. 28-11 at 5-6.

The most recent activity in 53C05-0404-FA-360 occurred on August 3, 2023, when the Indiana Court of Appeals dismissed Mr. Blanton's belated appeal of his resentencing "arguing that he was not advised at the time that he had a right to appeal [his] resentencing," as "an impermissible attempt to collaterally attack his resentencing order." *See Blanton v. State*, No. 22A-CR-3128, at *1-*5 (Ind. Ct. App. Aug. 3, 2023).[6]

### B. 28 U.S.C. § 2254 Petition

Mr. Blanton filed a habeas petition in this Court on July 1, 2021, dkt. 1, and an amended petition on March 24, 2022, dkt. 19. In the operative amended petition, he raises seven grounds for relief:

1. his October 2007 resentencing violated the Fifth, Sixth, and Fourteenth Amendments;

2. the arrest and search that preceded his parole revocation violated the Fourth, Fifth, Sixth, and Fourteenth Amendments;

3. his parole revocation violated the First, Fifth, and Fourteenth Amendments because the actions for which parole was revoked were constitutionally protected;

4. his parole conditions violated the First, Fourth, Fifth, and Fourteenth Amendments;

5. his parole revocation violated the Fifth, Sixth, Eighth and Fourteenth Amendments because he was not afforded counsel or appropriate procedural protections;

6. his designation as a Sexually Violent Predator violates the Fifth and Fourteenth Amendment and is an unconstitutional *ex post facto* law; and

7. the Indiana statute under which he was sentenced to parole (instead of probation) following his prison term constitutes a Bill of Attainder.

Dkt. 19.

---

[6] The Indiana Court of Appeals wrote that this "is the latest in a series of attempts—spanning seventeen years—by Larry D. Blanton, Jr. . . . to collaterally attack his convictions for four counts of felony child molesting," and that he was required to seek permission to file a successive PCR petition, which he did not do before initiating his latest in a long line of appeals. *Blanton*, No. 22A-CR-3128, at *1-*5.

The respondent filed a motion to dismiss the amended petition, which argues that each of Mr. Blanton's claims is barred by the statute of limitations, procedurally defaulted, or both. Dkt. 28.

## II.  Statute of Limitations

### A. Applicability of 28 U.S.C. § 2244(d)

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period has four possible trigger dates, two of which are potentially relevant here: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review . . . or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

The respondent's motion to dismiss presumes that 28 U.S.C. § 2244(d) applies to any claim brought in a 28 U.S.C. § 2254 action. *See*, *e.g.*, dkt. 28 at 6−7 (arguing that § 2244(d) bars Mr. Blanton's claims challenging the search and seizure that resulted in his parole revocation). However, the Seventh Circuit has long held that § 2244(d) does not apply to claims challenging an inmate's "additional" custody that results from a state administrative decision, even when the inmate is ultimately in custody pursuant to a state-court judgment. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) (reversing grant of motion to dismiss § 2254 petition challenging prison disciplinary conviction). While the Seventh Circuit has not applied this holding to a petition challenging an inmate's parole revocation, it has made clear that § 2244(d) "is limited to petitions filed by persons 'in custody pursuant to the judgment of a State court.'" *Id.* And the Indiana Parole Board, like a prison disciplinary board, "is not a court." *Id.*

The respondent bears the burden of proving the affirmative defense based on § 2244(d). *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) ("Since the period of limitations is an affirmative defense, the state has the burden of showing that the petition is untimely."). At the motion to dismiss stage, the respondent has failed to demonstrate that § 2244(d) applies to any of Mr. Blanton's claims associated with the parole revocation. The Court will therefore assess § 2244(d) **only as to Grounds 1, 6, and 7 at this stage.**

**B. Discussion**

### Ground 1

Mr. Blanton argues in Ground 1 that his constitutional rights were violated when he was resentenced. Dkt. 19 at 5. He argues he "was sentenced, after remand, without assistance, or waiver of counsel," and that he was not advised of his appellate rights. *Id.* He states his "lifetime probation requirement was clearly erroneous," and the trial court "failed to transmit a correct amended abstract of judgment indicating the probation status and term to the . . . IDOC." Dkt. 20 at 2-3. Mr. Blanton claims he was not aware of this error until his parole release on May 27, 2018. *Id.* at 3. He raised Ground 1 in June 2021 when he filed his habeas petition in state court and also requested to file a successive PCR petition at that time, and again in his subsequent request to file a successive PCR in August 2022. Dkt. 30 at 3.

The respondent argues that the one-year statute of limitations expired as to this claim on November 11, 2008, because the clock began to run 30 days after Mr. Blanton was resentenced on October 12, 2007. Dkt. 28 at 3 (citing Ind. App. R. 9(A)(1) and Ind. R. Tr. Proc. 59(C), which provide that an appeal or motion to correct error must be filed within 30 days of the entry of judgment). The Court agrees. Even assuming Mr. Blanton was unaware of Ground 1 until his release to parole in May 2018, he needed to file his petition by May 2019. He did not file his

petition until July 2021, and none of his collateral efforts raising Ground 1 toll the one-year clock. Mr. Blanton's original PCR petition was denied in 2009, as was his appeal in 2015. Latter efforts to seek relief in March 2020, June 2021, and August 2022 were denied. *See, e.g.*, dkt. 28-6 at 1 (Ind. Ct. App. Aug. 6, 2021, order in *Blanton*, No. 21A-SP-1428); *see also* dkt. 28-12 at 1 (Ind. Ct. App. Sept. 16, 2022, order in *Blanton*, No. 22A-SP-1933, same result). "A request to file a successive petition does not toll the statute of limitations unless the state court grants the request." *Cowart v. Sevier*, No. 1:21-cv-02579-SEB-DLP, 2022 WL 4536503, at *2 (S.D. Ind. Sept. 28, 2022) (citing *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (emphasis added)).

Mr. Blanton also contends that his resentencing is void and that the statute of limitations therefore does not apply. Dkt. 30 at 3. But he cites no authority in support of this contention, and the Court is aware of none. Ground 1 is therefore untimely under § 2244(d).

### Grounds 6 and 7

Mr. Blanton argues in Ground 6 that his designation as a sexually violent predator (SVP) violates the Fifth and Fourteenth Amendments and is an *ex post facto* law. Dkt. 19. He argues in Ground 7 that Indiana Code 35-50-6-1, the provision under which he was sentenced to parole following his prison term, "acted as a Bill of Attainder" as applied to him. *Id.*

Because the SVP designation and mandatory parole term were automatically imposed at Mr. Blanton's sentence—regardless of when he learned of them—§ 2244(d) applies to any claim challenging these features of his sentence. Still, Mr. Blanton asserts that he did not learn of his parole status or SVP designation until May 27, 2018. Dkt. 30 at 14. But even applying this date under § 2244(d)(1)(D), Mr. Blanton's petition is untimely, as he did not file it until July 2021, and his attempts at state post-conviction litigation did not toll the limitation period.

**C. Equitable Tolling**

A petitioner is entitled to equitable tolling "If he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Courts do not apply equitable tolling if the petitioner fails to demonstrate either of these elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Equitable tolling requires a case-by-case decision guided by precedent. *Holland*, 560 U.S. at 649-50. Equitable tolling is not a chimera, but it is nevertheless an extraordinary remedy that is rarely granted. *Carpenter*, 840 F.3d at 870. Further, "a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error."[7] *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) (citing *House v. Bell*, 547 U.S. 518, 537-38 (2006)).

Mr. Blanton's arguments that he is entitled to equitable tolling are unavailing. Across his filings, Mr. Blanton argues that poverty, being untrained in state and federal law, lack of access to the internet or limitations on visiting a public library as a condition of his parole release, reincarceration, lack of awareness of parole conditions, lack of legal representation and following directions from a law librarian that he should file a habeas petition in state court, the trial court not acting in time to protect his rights, and lack of clarity on the rules for pursuing a successive PCR petition, posed challenges for him. Dkt. 20 at 6; dkt. 30 at 4-10; dkt. 30-1 at 17-27 (Blanton's affidavit). But, these are not extraordinary circumstances that prevented Mr. Blanton from timely filing his instant petition in this Court.

---

[7] Mr. Blanton states that he has already "served more than twelve years for a crime he maintains he did not commit, and but for his attorney's incompetence and judicial biases, and prosecutorial misconduct, he would not have been convicted." Dkt. 30 at 13. But, this statement is not a developed argument of actual innocence for the Court to consider to excuse any time-barred or procedurally defaulted Grounds in this action.

For example, "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a prisoner's lack of legal training." *Socha v. Boughton*, 763 F.3d 674, 678 (7th Cir. 2014); *see also Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (Equitable tolling applies when "some 'extraordinary circumstance', beyond the applicant's control, [ ] prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice.") (quoting *Holland*, 560 U.S. at 649-52). "[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014). Erroneous advice from facility staff about steps Mr. Blanton could take in pursuit of relief does not qualify as an external obstacle that warrants tolling. *See, e.g., Conner v. Reagle*, No. 22-1780, 2023 WL 5920269, --- F.4th ---- (7th Cir. 2023) (PCR lawyer's wrong advice about timing of habeas petition did not warrant equitable tolling). Even if Mr. Blanton could show extraordinary circumstances, he has not shown diligence in pursuing his rights. Despite lack of internet or library access on parole release, when Mr. Blanton was reincarcerated in 2019, with access to some legal research and assistance at the facility, he did not file his petition for another two years. Mr. Blanton's lengthy procedural history shows that he has submitted numerous filings to the state court since his 2019 reincarceration, but those attempts were not diligent pursuits of his rights in this Court.

Thus, Grounds 1, 6, and 7 are **subject to dismissal** under 28 U.S.C. § 2244(d). The Court now turns to the respondent's arguments regarding procedural default as to the remaining claims.

### III.   Procedural Default

#### A. Applicable Law

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate

to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Such a claim is procedurally defaulted. *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017). This doctrine is premised on the rule that federal courts "have no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

### B. Discussion

The respondent contends that all of Mr. Blanton's remaining claims are procedurally defaulted because the Indiana Court of Appeals denied Mr. Blanton's requests to file successive PCR petitions involving these claims.

The respondent cites no Seventh Circuit authority in support of this contention. And the respondent develops no argument that the Indiana Court of Appeals' findings that Mr. Blanton had "failed to establish a reasonable probability that [he] is entitled to post-conviction relief," *see* dkt. 28-6; dkt. 28-12, rests on an adequate and independent state-law ground.

In many situations, denial of leave to file a successive post-conviction petition may be associated with procedural default because the petitioner will have failed to fully and fairly present the relevant claim in an earlier post-conviction petition. *See*, *e.g.*, *Justise v. Warden*, No. 3:21-cv-419-RLM-MGG, at *8−10 (N.D. Ind. June 23, 2021) (cited in respondent's motion to dismiss, dkt. 28 at 6)[8] (holding claims procedurally defaulted where petitioner could have raised them in original PCR petition and Indiana Court of Appeals denied leave to raise them in a

---

[8] The respondent also cites one 2013 unpublished order from this Court, dkt. 28 at 5 (citing *Whatley v. Zatecky*, 1:21-1963-JMS-DKL, but that order was vacated on appeal. *See Whatley v. Zatecky*, 833 F.3d 762, 772−73 (7th Cir. 2016) (finding no procedural default, reversing and remanding).

10

successive PCR petition). But here, Mr. Blanton's claims did not arise until after his initial PCR litigation was complete. The Court therefore will not presume that the Indiana Court of Appeals rejected Mr. Blanton's claims on procedural grounds instead of a finding that Mr. Blanton had "failed to establish a reasonable probability that [he] is entitled to post-conviction relief" on the merits of his claims. *See* dkt. 28-6; dkt. 28-12.

The respondent therefore has failed to show that any of Mr. Blanton's remaining claims are procedurally defaulted.

### IV. Conclusion and Further Proceedings

The respondent's motion to dismiss, dkt. [28], is **GRANTED IN PART and DENIED IN PART.**

The respondent shall have **21 days** following the issuance of this Order to brief the merits of Grounds 2, 3, 4, and 5. The respondent may also re-assert any procedural defenses in addition to briefing the merits of the claims. Mr. Blanton shall then have **28 days** to file a reply.

**The respondent shall file the relevant state court records** along with the response. Mr. Blanton's motion to expand the record, dkt. [41], is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date: 09/26/2023

*[signature]*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LARRY D. BLANTON, JR.
165525
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

James Michael Sedam
Office of Indiana Attorney General
James.Sedam@atg.in.gov

11